# IN THE COURT OF APPEALS OF IOWA

No. 16-0662
Filed June 15, 2016

**IN THE INTEREST OF R.H.,**
**Minor child,**

**J.H., Father,**
Appellant.

_____

Appeal from the Iowa District Court for Pottawattamie County, Gary K. Anderson, District Associate Judge.

A father appeals the termination of his parental rights to his child. **AFFIRMED.**

Michael D. Hooper of Hooper Law, Council Bluffs, for appellant father.

Thomas J. Miller, Attorney General, and Janet L. Hoffman, Assistant Attorney General, for appellee State.

Sara E. Benson of Benson Law, P.C., Council Bluffs, for minor child.

Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**VAITHESWARAN, Judge.**

A father appeals the termination of his parental rights to his child, born in 2011. He contends (1) the district court should have granted his request to have the child placed with his aunt, and the denial of this request was "a barrier towards reunification of the family" and a violation of the department of human services' obligation to provide reunification services; (2) the record lacks clear and convincing evidence to support the grounds for termination cited by the district court; (3) termination was not in the child's best interests; and (4) the district court did not give appropriate weight to the bond he shared with the child.

*I.* The father joined in a motion to have the child's placement changed to the home of a family member. The district court declined to alter the placement. On appeal, the father contends the ruling was a violation of the department's obligation to provide him with reasonable reunification services. *See In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000). We conclude the district court's refusal to modify the child's placement does not implicate the department's obligation to make reasonable efforts toward reunification of the child with the father.

*II.* We may affirm if we find clear and convincing evidence to support any of the grounds cited by the district court. *See In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). On our de novo review, we are persuaded the State satisfied its burden of proving the child could not be returned to the father's custody, as set forth in Iowa Code section 232.116(1)(f) (2015).

Shortly after the child was removed from the mother's care based on the mother's methamphetamine use, she was placed with the father. The father was on parole and his criminal history included convictions for ongoing criminal

conduct, third-degree burglary, and possession with intent to distribute. These convictions carried prison sentences not exceeding twenty-five, five, and ten years respectively.

Within a month of the placement, the father was charged with child endangerment and possession of unauthorized prescription pills. He pled guilty to the possession charge and the child endangerment charge was dismissed. The father's parole also was revoked.

At the time of the termination hearing, the father had been in prison for a little over a year. While he hoped to be released in June or July 2016, he acknowledged he could not provide the child with a stable home "in the present because [he was] in prison."

*III.* Termination must be in the child's best interest. *See In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). The father was afforded the opportunity to care for his child but almost immediately placed her safety in jeopardy. As he acknowledged, he was in no position to provide her a stable home. Termination was in the child's best interest.

*IV.* A court need not terminate a parent's rights if the bond between parent and child is strong. *See id.* at 41. The father had no personal contact with the child for approximately a year. While he spoke to the child by telephone, we are convinced any bond they shared was insufficient to override the significant safety concerns posed by his illegal activities. The district court appropriately declined to invoke this exception to termination.

We affirm the termination of the father's parental rights to his child.

**AFFIRMED.**